**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Wanda G. MOORE, Defendant–
Appellant.**

**No. 01–3204.**

United States Court of Appeals,
Sixth Circuit.

Nov. 2, 2001.

Before MARTIN, Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

*ORDER*

This is a direct appeal from a judgment in a criminal case in which the only question presented goes to the result of a suppression hearing. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Wanda G. Moore was named in a one-count indictment as an armed felon.

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.

Moore entered into a conditional guilty plea to the indictment following her unsuccessful efforts to suppress the evidence against her. The district court accepted her plea and found Moore guilty of being a felon in possession of a firearm as enhanced by the Armed Career Criminal Act, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The court sentenced Moore to a 180 month term of imprisonment with a three year period of supervised release and Moore filed the present appeal.

■ The only issue presented for this court's review is whether the district court erred in denying Moore's motion to suppress the evidence against her. A decision on a motion to suppress evidence is reviewed under two separate standards. First, this court will uphold a district court's factual findings unless they are clearly erroneous. Second, review of the district court's legal determination as to probable cause is de novo. This court will view the evidence adduced during the suppression hearing in the light most favorable to the government and, most importantly to the present appeal, will defer to the district court's assessments of witness credibility. *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir.1999).

■ On April 3, 2000, two police officers encountered convicted felon Moore in a high crime area of Cleveland, Ohio, and discovered a loaded pistol in her possession. Moore subsequently admitted to being a convicted felon in possession of a loaded, operable pistol. The disagreement arises as to the facts leading up to Moore's initial encounter with the Cleveland police officers.

The officers testified that they initiated contact with Moore as they observed her repeatedly talking to herself, screaming at schoolchildren as well as passing motorists, and otherwise exhibiting erratic behavior. The officers described Moore as glassy-eyed and said that she gave them a false birth date and Social Security number when asked for identification. The officers further testified that they directed Moore to their patrol car for further investigation and, when she was asked to remove her hands from her pockets, a loaded pistol fell from her coat. The officers placed Moore under arrest for carrying a concealed weapon and found a crack pipe on her in the ensuing search. Another law enforcement officer interviewed Moore in jail two days later, advised her of her rights, and obtained a statement from her in which she admitted to being a convicted felon in possession of a loaded firearm.

Moore's version of the events of April 3, 2000, differs significantly from that given by the police officers. Moore testified that she was walking down the street on the morning in question when the police officers approached her and told her to engage in prostitution in some other neighborhood. She contended that she had not been speaking or gesturing to any children or passing motorists. Moore testified that the officers approached her a second time and told to walk in a different direction. The officers ordered her into the back seat of the patrol car when she declined to do so and she stated that she did not give any false or misleading information to the officers. Moore further testified that when she attempted to exit the back seat at the direction of the officers, the loaded, operable pistol fell from her coat pocket. She stated that she suffers from bipolar schizophrenia and that she had not been given her medication in jail when she gave the waiver and incriminating statement two days later.

The district court considered the preceding versions of the events and concluded that the motion to suppress must be denied. In so doing, the court plainly credited the two officers' version of the events of April 3, 2000, and, just as importantly,

found Moore's testimony inherently incredible. The court also found Moore's subsequent incriminating statement to have been made voluntarily and with the full knowledge of the rights she was waiving.

On appeal, counsel for Moore assigns as error the decision to deny the motion to suppress. The entire argument in support of this assignment is that Moore's testimony was more worthy of belief than the testimony of the police officers. The law is clear, however, this court simply cannot, and will not, substitute its assessment of witness credibility for that of the trial court. *Hill,* 195 F.3d at 264–65; *United States v. Taylor,* 956 F.2d 572, 576 (6th Cir.1992); *United States v. Rose,* 889 F.2d at 1490, 1494 (6th Cir.1989).

Accordingly, the district court's judgment is affirmed.